HENRY A. THOMPSON *vs.* JAMES P. DUDLEY *et al.*

Franklin, 1876.—August 5, 1876.

*Judicial discretion. Trial.*

It is for the judge presiding at the trial to determine whether an objection to evidence offered is seasonably interposed; and his determination is final and will not be revised by this court.

To constitute a valid objection to evidence which in some contingencies would be competent, the party objecting to its reception must state the ground of his objection. If he fails to do this, exceptions to the overruling of his objection will not be sustained.

ON EXCEPTIONS.

ASSUMPSIT on a writing given by the defendants to save the plaintiff harmless from all indebtedness of a firm composed of the plaintiff and James P. Dudley—the name of the firm being "Thompson & Dudley."

Subsequently to the execution of the writing, judgment was rendered against the plaintiff in this court in Somerset county, on a note signed, "Thompson, Dudley & Co."

Plaintiff claimed that this note was an indebtedness of the late firm of Thompson & Dudley, and that he was entitled to recover what he was compelled to pay on the judgment and interest from time of payment. The plea was the general issue.

The defendants claimed that the note in question was not a partnership indebtedness.

The plaintiff offered to introduce in evidence the docket entries of the clerk of the supreme judicial court, Somerset county, Decem-

ber term, 1871, and other terms to and including September term, 1873, in the action *Samuel Gould, adm'r,* v. *Henry A. Thompson & James P. Dudley.* The defendants objected to the competency of this evidence, stating in answer to the court that they had no other objection; but the presiding justice ruled that it was competent, and admitted the paper. The defendants then, and before said docket entries had been read to the jury, objected to the introduction of this evidence, for the reason that it was not properly certified under the seal of said court; but the presiding justice ruled that this objection came too late, and the paper was read to the jury. A copy of the judgment in that case was introduced in evidence by the plaintiff, and showed that the declaration was on a promissory note of Thompson & Dudley, by the name of Thompson, Dudley & Co. The verdict was for the plaintiff; and the defendants alleged exceptions.

*S. C. Belcher,* for the defendants, contended that it was not competent to introduce the docket entries where the extended record of the judgment had been made, nor until it first appear that the judgment had not been extended; that the objection that the copies of the docket were not properly certified, being made before they were actually read, was not too late. *Smith* v. *Keen,* 26 Maine, 411, paragraph 6, of opinion. *Kimball* v. *Irish,* 26 Maine, 444. *Bunker* v. *Gilmore,* 40 Maine, 88. *Stuart* v. *Lake,* 33 Maine, 87. *State* v. *Damery,* 48 Maine, 327.

*H. L. Whitcomb,* for the plaintiff, contended that it was immaterial in what order the docket entries and the judgment were introduced, citing *Hovey* v. *Chase,* 52 Maine, 304, top of page 312, and that the defendants had no cause of complaint that the docket entries were admitted after they were asked and declined to state the specific objection afterwards relied upon.

BARROWS, J. When the clerk's copy of the docket entries in the case of *Gould* v. *Thompson et al.,* was offered by the plaintiff, the defendants' counsel made a general objection to their competency, and in answer to an inquiry by the presiding judge, said he had no other objection. The exceptions do not indicate that he suggested the ground of objection upon which he now relies,

or any other; and the judge ruled that it was competent and admitted the paper. Then the counsel sought to interpose another objection which the judge ruled came too late. Exceptions to these rulings cannot be sustained.

It is for the judge presiding at the trial to determine whether an objection to evidence is seasonably taken, and his determination is final, and will not be reversed by this court.

Were it otherwise, we should not be inclined to establish the practice of allowing counsel, when called upon by the judge to state their objections to a piece of evidence, to withhold them until a ruling is made, and then claim consideration for their after-thoughts.

Had the counsel made known the grounds of his objection when called upon, it might have been obviated or sustained. Not doing this, it will not avail to give him a new trial. *White* v. *Chadbourne*, 41 Maine, 149. *Longfellow* v. *Longfellow*, 54 Maine, 240, 245, 246.

Moreover, the production of the extended record, (agreeing in all particulars with the docket entries) in the progress of the trial, deprives the exceptions of all semblance of validity as a ground for new trial; for the defendant could not have been prejudiced by the informalities of which he complains.

*Exceptions overruled.*

APPLETON, C. J., DICKERSON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.